

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DONNA WESTFALL,

Plaintiff,

v.

THE CITY OF CRESCENT CITY, et al.,

Defendants.

_______________________________________/

No. CV 10-5222 NJV

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

(Document Nos. 12 & 22)

Plaintiff Donna Westfall, an elected city council member of Crescent City, alleges a violation of her constitutional rights by other council members based on the city council's censure of Plaintiff. Defendants Crescent City, Kelly Schellong, Dennis Burns, Charles Slert, and Kathryn Murray move to dismiss the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. Nos. 22 & 23. Defendants also move to strike the state law cause of action under California's Anti-Strategic Lawsuit Against Public Participation (anti-"SLAPP") statute, California Code of Civil Procedure § 425.16, and request attorneys' fees. Doc. No. 12. Having carefully considered the arguments of the parties and the papers submitted, and for good cause shown, the Court **grants** Defendants' motion to dismiss and **grants in part and denies in part** Defendants' motion to strike.

## I. JURISDICTION

This is a 42 U.S.C. § 1983 action alleging violations of freedom of speech, due process, and equal protection, along with a state law cause of action for intentional infliction of emotional distress. This action was properly removed to this Court pursuant to 28 U.S.C. § 1441, as a case over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a). All parties consent to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

As appropriate on a motion to dismiss, all well-pleaded allegations in the complaint are assumed to be true.

Plaintiff, who is proceeding *pro se*, was elected as a city council member of Crescent City in November 2008. FAC ¶ 5 (Doc. No. 20). Defendants Schellong, Burns, Slert, and Murray are also elected city council members of Crescent City. On March 2, 2009, Plaintiff and the other city council members signed a code of ethics. FAC ¶ 5. As a council member, Plaintiff questioned the City's transparency, accountability, and expenditure of public funds in its handling of the City's Wastewater Treatment Plant ("WWTP") project.

Plaintiff alleges that on September 8, 2009, Defendants passed a resolution censuring her in retaliation for her criticism of the City's handling of the WWTP project, the city council, and for "speak[ing] out on issues of public interest and importance and [] request[ing] access to public information/records." FAC ¶ 8 & Ex. B. The resolution, which is attached to the FAC as Exhibit B, finds that Plaintiff breached the City's Code of Ethics and Conduct, which was adopted by the council on March 2, 2009. Specifically, the resolution finds that Plaintiff breached the Code of Ethics by: (1) knowingly using false, inaccurate, and/or partial information to support Plaintiff's views regarding the WWTP; (2) treating "fellow city officials and staff with lack of patience, courtesy and/or civility when in disagreement"; (3) not working towards consensus building; (4) repeatedly exhibiting "discourtesy, disrespect and disregard towards council members, city department heads, staff and/or personnel in the performance of her official duties"; (5) using Plaintiff's position as an appointed representative of the city to promote her personal quilt show;

(6) using Plaintiff's position as an appointed representative of the city "at the Intergovernmental Relations Committee (IGRC) to repeatedly slander, discredit and embarrass the City"; (7) continually demonstrating "a lack of concern for the proper use of city assets ... in [Plaintiff's] continual misguided accusations associated with various aspects of the" WWTP; (8) abusing her position by "contacting lower-level City employees at their homes outside of work hours" in her "quest for 'evidence' to support her theories and claims of corruption and criminal misconduct"; and (9) continuing to not be a prudent steward of city resources. FAC, Ex. B. The resolution censures Plaintiff and (1) prevents Plaintiff from placing agenda items regarding the WWTP "without the specific advance authorization of the full Council"; (2) directs independent contractors for the city not to expend billable time responding to Plaintiff's inquiries or data requests; and (3) removes Plaintiff as a representative or alternate on eight different committees. *Id.* The parties have indicated that the censure expired in November 2010.

On December 9, 2009, the city council issued a report in open session estimating the time and cost spent on responding to information requests by Plaintiff from November 2008 through November 2009. FAC ¶ 10 & Ex. C. The report estimated that $37,754.87 was spent on such requests. FAC, Ex. C.

Plaintiff originally filed this action in Superior Court of Del Norte County on August 19, 2010. On November 17, 2010, this action was removed to this Court by Defendants. Plaintiff challenges her fellow council members' action in censuring her and the actions taken against Plaintiff in the September 2009 resolution regarding placement of agenda items, use of independent contractors, and committee removal. Plaintiff alleges four causes of action: (1) violation of her right to freedom of speech; (2) violation of due process under the Fourteenth Amendment; (3) violation of equal protection under the Fourteenth Amendment; and (4) intentional infliction of emotional distress.

On December 13, 2010, Defendants moved to dismiss the complaint and to strike the state law causes of action under California's anti-SLAPP statute. Doc. No. 12. Defendants also requested that the Court take judicial notice of various documents in support of its motion to dismiss and strike. Doc. No. 13. On January 2, 2011, Plaintiff filed her opposition and a First Amended

Complaint. Doc. Nos. 18, 20. By filing the FAC within twenty-one (21) days after Defendants' motion to dismiss, Plaintiff properly amended her complaint as a matter of course under Rule 15(a)(1)(B). With the exception of their motion to strike, Defendants withdrew their motion to dismiss the original complaint given Plaintiff's filing of the FAC.[1] Doc. No. 21. On January 18, 2011, Defendants filed a motion to dismiss the FAC and Plaintiff opposed the motion. Doc. Nos. 22, 23, 26, 28. On February 7, 2011, Plaintiff filed a Second Amended Complaint without leave of court. Doc. No. 27. On February 22, 2011, the Court heard oral argument on the motion to dismiss the FAC and the anti-SLAPP motion to strike.

## III. DISCUSSION

Currently before the Court are Defendants' motion to dismiss the FAC, motion to strike under California's anti-SLAPP statute, and request for judicial notice ("RJN") (Doc. No. 13).

### A. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The plausibility standard requires a complaint to plead more than "facts that are 'merely consistent with' a defendant's liability." *Id*.

---

[1] In Defendants' reply on their motion to dismiss the original complaint, Defendants state that they are withdrawing the motion to dismiss but not their motion to strike the original complaint, and Defendants simultaneously filed a motion to dismiss the FAC. Doc. No. 21. Defendants did not, however, re-file their declarations and RJN, which were filed in support of the first motion to dismiss and the motion to strike. *See* Doc. Nos. 13, 15, 16. This is confusing. The Court interprets Defendants' statements and filings as Defendants' renewal of their motion to strike the original complaint as a motion to strike the FAC. For resolution of the pending motions, the Court therefore examines Defendants' motion to strike the original complaint, Defendants' declarations of Cori R. Sarno and Robin Patch, Defendants' RJN, Defendants' motion to dismiss the FAC, and Plaintiff's oppositions to the various motions. Doc. Nos. 12-16, 18, 19, 22-23, 25, 26, 28.

In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). When matters outside the pleadings are presented on a Rule 12(b)(6) motion and are not excluded by the court, the court must convert the Rule 12(b)(6) motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d). Here, Defendants have presented extrinsic evidence outside the pleadings on their motions including minutes from the August 17, 2009 and September 8, 2009 city council meetings; the agenda for the September 8, 2009 city council meeting; and orders by the Del Norte County Superior Court in a separate and unrelated lawsuit by Defendant Crescent City against Plaintiff, the acting City Clerk, the Water Resources Control Board, and others. Doc. Nos. 13, 15, 16. The Court excludes this evidence in deciding the present motion to dismiss and motion to strike. Accordingly, the Court **denies** Defendants' request for judicial notice of this extrinsic evidence.[2]

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Twombly*, 550 U.S. at 555. Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The court construes the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri*, 901 F.2d at 699. When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies

---

[2] Should Plaintiff amend her complaint to correct the deficiencies noted, Defendants may, however, resubmit this extrinsic evidence in a motion for summary judgment at a later stage in the proceedings.

unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

**B. First Cause of Action: Free Speech & Access to Information**

The Court interprets the first cause of action as a 42 U.S.C. § 1983 claim for violation of the First Amendment's right to freedom of speech, a claim for violation of the California Constitution's right to freedom of speech, and a claim for violation of the California Constitution's right to access to information. *See* Cal. Const. art. I, §§ 2(a) & 3(b)(1). Plaintiff seeks damages for the alleged free speech and access to information violations. The Court rejects Defendants' argument that Plaintiff did not allege a First Amendment violation because the FAC refers to the California Constitution. *See* Defs.' Reply at 2 (Doc. No. 30). The caption of the FAC states "First Right Amendment, Freedom of Speech" and the first cause of action expressly raises a violation of Plaintiff's freedom of speech, which is protected under both the United States Constitution and the California Constitution. Plaintiff's failure to cite to the First Amendment within the first cause of action is not fatal. In addition, the Court construes the FAC liberally because it was drafted by a pro se plaintiff. *Balistreri*, 901 F.2d at 699. Therefore, the FAC alleges a § 1983 claim for violation of Plaintiff's First Amendment right to freedom of speech. The Court now examines whether this cause of action was sufficiently pled.

1. Free Speech

The First Amendment to the United States Constitution protects the right to freedom of speech. The California Constitution also protects this right under Article 1, Section 2(a), which provides that "[e]very person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or abridge liberty of speech or press."

Plaintiff alleges that Defendants violated her freedom of speech by passing a resolution censuring Plaintiff, not allowing her to attend various board meetings, and ordering government contractors not to respond to Plaintiff's inquiries or data requests. Plaintiff seeks money damages for the alleged violations of her right to free speech. Money damages, however, are not available for Plaintiff's free speech claims under the California Constitution. *See Degrassi v. Cook*, 29 Cal.4th 333, 337, 344 (2002) (holding no action for damages available where city council member alleged that the defendant city council members, city manager, and others violated her right to free speech under the California Constitution including the alleged deprivation of "her rights to attend city council meetings and to speak out as a city council member representing her constituents"). This portion of the first cause of action is dismissed with prejudice. Unlike a free speech claim under the California Constitution, a § 1983 plaintiff who establishes liability for a First Amendment, or other constitutional violation, is entitled to compensatory damages and such damages are awarded based on proof of actual injury. *See Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988).

Other courts have addressed similar First Amendment claims challenging the passage of a local government body's censure of one of its elected members. In *Phelan v. Laramie County Community College Bd. of Trustees*, 235 F.3d 1243 (10th Cir. 2000), an elected member of the county college's board of trustees filed a § 1983 action for injunctive and declaratory relief against the Board and each individual board member. The plaintiff claimed that the defendants violated her First Amendment rights by censuring her for violating its ethics policy. Though the plaintiff had voted in favor of submitting a tax assessment to the public, the plaintiff "placed an advertisement in the local newspaper encouraging the public to vote against the measure." *Id*. at 1245. The Board then voted to censure the plaintiff for violating its ethics policy and asked the plaintiff to discontinue inappropriate behavior. Several years before the plaintiff placed the advertisement at issue, the plaintiff and other Board members voted to adopt an ethics code "describ[ing] the manner in which Board members agree to discharge their duties and responsibilities." *Id*.

The *Phelan* court examined the plaintiff's First Amendment rights as an elected public official. *Id*. at 1246. The court held that the Board's censure did not trigger First Amendment

scrutiny because the censure did not punish the plaintiff for exercising her free speech rights. *Id*. at 1247-48. The court explained that:

> In order to compel the exercise or suppression of speech, the governmental measure must punish, or threaten to punish, protected speech by governmental action that is "regulatory, proscriptive, or compulsory in nature." *Laird v. Tatum*, 408 U.S. 1, 11, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972). The consequence may be an "indirect discouragement," rather than a direct punishment, such as "imprisonment, fines, injunctions or taxes." *American Communications Ass'n. v. Douds*, 339 U.S. 382, 402, 70 S.Ct. 674, 94 L.Ed. 925 (1950). A discouragement that is "minimal" and "wholly subjective" does not, however, impermissibly deter the exercise of free speech rights.

*Id*. The court held that the censure did not infringe the plaintiff's free speech rights because it "carried no penalties; it did not prevent [the plaintiff] from performing her official duties or restrict her opportunities to speak, such as her right to vote as a Board member, her ability to speak before the Board, or her ability to speak to the public." *Id*. at 1248.

The censure at issue here, unlike the censure in *Phelan*, does more than just reprimand Plaintiff or express the city council's disapproval of Plaintiff's actions. *See also Zilich v. Longo*, 34 F.3d 359, 363-64 (6th Cir. 1994) (holding city council resolution expressing disapproval of a former council member was not a law and did not violate the First Amendment because it "contains no punishment or penalty"); *Page v. Braker*, 2007 WL 432980, *3 (D. N.J. 2007) (not reported) (holding that a city council resolution to censure one of its members must "mete out some form of official punishment," rather than "merely reprimand[ing] the offending politician"). The Crescent City censure also removes Plaintiff as a representative or alternate on eight different committees. FAC, Ex. B. Because Plaintiff was not an elected official to these committees, however, but was appointed to these committees as a city representative and/or alternate, "the council was within its discretion to remove her from that position" and doing so did not limit Plaintiff's freedom of speech. *See Rash-Aldridge v. Ramirez*, 96 F.3d 117, 119 (5th Cir. 1996) (affirming district court's judgment for defendants on the plaintiff city council member's free speech claims based on council's removal of the plaintiff as its appointed representative on a metropolitan planning board).

The censure also prevents Plaintiff from placing agenda items regarding the WWTP "without the specific advance authorization of the full Council" and directs independent contractors for the city not to expend billable time responding to Plaintiff's inquiries or data requests. FAC, Ex. B.

**United States District Court**
For the Northern District of California

These measures are not punishments or penalties and also do not limit Plaintiff's freedom of speech because they do not prevent Plaintiff "from performing her official duties or restrict her opportunities to speak, such as her right to vote as a Board member, her ability to speak before the Board, or her ability to speak to the public." *See Phelan*, 235 F.3d at 1248. Therefore, while the censure does more than reprimand Plaintiff and express the city council's disapproval, the censure does not punish or penalize Plaintiff's free speech rights. The FAC's § 1983 claims based on alleged First Amendment violations are dismissed without prejudice for failure to state a claim upon which relief can be granted.

<u>2.</u> <u>Access to Information</u>

Plaintiff also alleges a violation of Article 1, Section 3(b)(1) of the California Constitution, which provides that "[t]he people have the right of access to information concerning the conduct of the people's business, and, therefore, the meetings of public bodies and the writings of public officials and agencies shall be open to public scrutiny." Any claims based on this provision of the California Constitution are not sufficiently pled because the resolution and censure of Plaintiff do not limit or prohibit Plaintiff's access to information and they do not close the city council's meetings or writings to public scrutiny, nor are there any allegations to support such a claim. This portion of the first cause of action is dismissed without prejudice for failure to state a claim upon which relief can be granted.

<u>3.</u> <u>Brown Act and California Public Records Act Claims</u>

The FAC refers in passing to the Brown Act (also known as California's "Open Meetings" or "Sunshine" law), California Government Code § 54950 *et seq.*, and the California Public Records Act ("CPRA"), California Government Code § 6250 *et seq*. *See* FAC ¶¶ 7, 18.

To the extent that Plaintiff alleges a claim under the Brown Act, this claim fails because the FAC does not allege that the city council held closed proceedings. *See* FAC ¶¶ 7, 18. To the contrary, the FAC alleges that the city council passed its resolution censuring Plaintiff in an "open public forum" at a "public meeting." *Id*. at ¶ 18. In addition, the FAC fails to allege that Plaintiff made the required written demand of the city council to cure or correct any alleged violation of the Brown Act. *See* Cal. Gov't Code § 54960.1(b). This written demand is required within 90 days

from the date of the city council's alleged Brown Act violation unless the alleged action was made in an open session in violation of the Brown Act's rules regarding an agency's agenda. *See* Cal. Gov't Code § 54960.1(c). The portion of the first cause of action alleging a claim under the Brown Act is dismissed without prejudice for failure to state a claim upon which relief can be granted.

To the extent that Plaintiff alleges a claim under the CPRA, this claim also fails. *See* FAC ¶ 18. The CPRA provides for inspection of public records maintained by state and local agencies. *Gilbert v. City of San Jose*, 114 Cal. App. 4th 606, 610 (2003). The FAC does not allege that Defendants prevented the inspection of the public records of the city council or city. The censure directs independent contractors for the city not to expend billable time responding to Plaintiff's inquiries or data requests; it does not prevent Plaintiff from inspecting public records. *See* FAC, Ex. B. The portion of the first cause of action alleging a CPRA claim is also dismissed without prejudice for failure to state a claim upon which relief can be granted.

**C. Second Cause of Action: Due Process**

The second cause of action alleges a § 1983 claim for violation of due process under the Fourteenth Amendment. Plaintiff alleges that Defendants censured her without due process because the city council lacks a policy regarding censure of a city council member, Defendants did not give Plaintiff notice of the censure, and because Defendants did not give Plaintiff the opportunity to be heard before the censure. Plaintiff alleges that she "sustain[ed] substantial losses in her earnings and other employment benefits and continues to suffer personal humiliation, impairment of reputation, emotional distress, mental and physical pain and anguish." FAC ¶ 28.

The Fourteenth Amendment protects against the deprivation of property or liberty without procedural due process. The procedural guarantees apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672-73 (1977); *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569, 577 (1972); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003).

Construing the FAC liberally, it is possible that Plaintiff is attempting to allege a "stigma-plus" due process claim based on a claimed liberty interest in her reputation. *See Paul v. Davis*, 424 U.S. 693, 701 (1976). In *Paul*, the Supreme Court held that "in addition to the stigma inflicted to

one's reputation, one must also allege the distinct alteration or extinction of a previously recognized right or status." *WMX Technologies, Inc. v. Miller*, 80 F.3d 1315, 1319 (9th Cir. 1996), *appeal dismissed on other grounds for lack of jurisdiction*, 104 F.3d 1133 (9th Cir. 1997) (en banc). "The loss of reputation must be coupled with some other tangible element to rise to the level of a protectible property interest." *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003) (citing *Paul*, 424 U.S. at 701). The requirement articulated in *Paul* has become known as the "stigma-plus" test. To plead a stigma-plus claim, Plaintiff must allege that she (1) suffered from stigma (i.e., loss of reputation); (2) suffered an additional injury (the "plus" element) that was "directly caused by the Government, rather than an injury caused by the act of some third party [in reaction to the Government's defamatory statements]"; and (3) she received inadequate process. *See American Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1125-26 (9th Cir. 2003) (quoting *WMX Techs.*, 80 F.3d at 1320); *see also Paul*, 424 U.S. at 701, 711; *Zutz v. Nelson*, 601 F.3d 842, 849 (8th Cir. 2010); *Monserrate v. New York State Senate*, 599 F.3d 148, 158-59 (2d Cir. 2010) ("adequate process defeats a stigma-plus claim"); *Little v. City of North Miami*, 805 F.2d 962, 969 (11th Cir. 1986) (holding that § 1983 due process claim was sufficiently pled based on allegations that city council issued its censure of the plaintiff law professor without any notice or a hearing). Allegations of psychological trauma, humiliation, embarrassment, and emotional distress are not sufficient to satisfy the stigma-plus test. *See Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010) (affirming dismissal of § 1983 action because the plaintiff only alleged reputational injury and loss of future income, which were insufficient to satisfy the stigma-plus test).

Here, the FAC fails to identify a protected liberty or property interest held by Plaintiff that was violated by the censure because while the FAC alleges injury to Plaintiff's reputation (the "stigma" element) and inadequate process, the "plus" element is missing. After the censure, Plaintiff continued in her position as an elected city council member. It is unclear from the FAC whether Plaintiff's allegations that she suffered "substantial losses in her earnings and other employment benefits" were directly caused by Defendant City, as required to plead a stigma-plus due process claim. *See American Consumer Pub. Ass'n*, 349 F.3d at 1125-26. In addition,

United States District Court
For the Northern District of California

Plaintiff's allegations of emotional distress and anguish are insufficient to satisfy the stigma-plus test. *See Krainski*, 616 F.3d at 971. Therefore, the second cause of action for due process is dismissed without prejudice for failure to state a claim upon which relief can be granted.

As noted above, the Court excluded Defendants' extrinsic evidence in ruling on the present motion to dismiss and motion to strike. Should Plaintiff amend her complaint to correct the deficiencies noted in the due process cause of action, Defendants may at that time move for summary judgment and resubmit extrinsic evidence regarding the adequacy of process provided to Plaintiff.

**D. Third Cause of Action: Equal Protection**

The third cause of action alleges a § 1983 claim against the individual defendants for violation of equal protection under the Fourteenth Amendment. The Equal Protection Clause guarantees, "No state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This cause of action is unclear to the Court because the FAC does not allege any discrimination against Plaintiff by Defendants or membership within any protected class.

Construing the FAC liberally, it is possible, though unlikely, that Plaintiff is attempting to allege a "class of one" equal protection claim. "The Supreme Court has recognized that 'an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1021 (9th Cir. 2011) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). To plead a "class of one" claim, Plaintiff must allege that Defendants: (1) intentionally (2) treated Plaintiff differently than other similarly situated city council members, (3) without a rational basis. *See id*. Even under this liberal construction, the FAC fails to allege an equal protection claim because there are no allegations that Defendants discriminated against Plaintiff by treating her differently than other similarly situated individuals.

The third cause of action is also dismissed without prejudice for failure to state a claim upon which relief can be granted. Bob Black, City Attorney for Crescent City, is named as a defendant in

United States District Court
For the Northern District of California

this cause of action, but he is not named in the caption and it does not appear that he has been served. *See* FAC ¶ 33. Should Plaintiff choose to amend the FAC to correct its defects, Plaintiff is instructed to ensure that all defendants named within the FAC are identified on the caption page and are properly served with the amended complaint. Correcting this issue regarding the identification of the defendants does not cure all the defects in the AC.

**E. Fourth Cause of Action: Intentional Infliction of Emotional Distress**

The fourth cause of action alleges intentional infliction of emotional distress ("IIED") by Defendants through the censure, the report issued by the city council in its December 9, 2009 meeting, and statements by City Manager Rod Butler to a local newspaper. FAC ¶¶ 40-41. To raise a cause of action for intentional infliction of emotional distress, the complaint must allege:

> "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." And the defendant's conduct must be "intended to inflict injury or engaged in with the realization that injury will result."

*Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1001 (1993)) (internal citations omitted).

While the Court recognizes that the censure and its aftermath were difficult for Plaintiff, the FAC fails to sufficiently plead extreme and outrageous conduct by Defendants, a required element of an intentional infliction of emotional distress claim. Defendants' conduct, as alleged, was not "outrageous" because their conduct was not "so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Id*.

In addition, even if Plaintiff amends the FAC to plead extreme and outrageous conduct, to the extent that Plaintiff's IIED claim is based on Defendants' communications during or in preparation for city council meetings, such communications are privileged under California Civil Code § 47. *See Cayley v. Nunn*, 190 Cal. App. 3d 300, 303 (1987); *Scott v. McDonnell Douglas Corp.*, 37 Cal. App. 3d 277, 285-86 (1974) ("The reading of the letters at the city council meeting was privileged, as was the distribution of copies of the letters to members of the audience (including

the press) attending the council meeting."). Section 47 privilege applies to most torts including defamation, intentional infliction of emotional distress, intentional inducement of breach of contract, intentional interference with prospective economic advantage, abuse of process, negligent misrepresentation, invasion of privacy, negligence, and fraud; the privilege does not apply, however, to the tort of malicious prosecution. *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal.4th 1232, 1241-42 (2007). Therefore, under § 47, Defendants would be immune from liability for the IIED claim for Defendants' covered communications. *See id.*

The fourth cause of action is also dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff may amend the FAC to correct the deficiencies in her IIED claim only if a) she can plead extreme and outrageous conduct by Defendants; *and* b) Plaintiff's IIED claim is not based on Defendants' communications made during or in preparation for city council meetings, which are privileged under California Civil Code § 47.[3]

Similar to the third cause of action, City Attorney Bob Black and City Manager Rod Butler are named as defendants in this cause of action. FAC ¶ 40. Should Plaintiff choose to amend the FAC to correct its defects, Plaintiff is instructed to ensure that all defendants named within the FAC are identified on the caption page and are properly served with the amended complaint. Correcting this issue regarding the identification of the defendants does not cure all the defects in the AC.

**F. Other Claims: Slander and Libel**

The FAC refers in passing to slander and libel. *See* FAC ¶ 37; Cal. Civil Code §§ 45, 46. To the extent that Plaintiff raises slander and/or libel claims based on Defendants' communications made during or in preparation for city council meetings, the Court notes that such oral and written communications by Defendants are privileged under California Civil Code § 47. *See Cayley*, 190 Cal. App. 3d at 303; *Scott*, 37 Cal. App. 3d at 285-86 ("The reading of the letters at the city council meeting was privileged, as was the distribution of copies of the letters to members of the audience (including the press) attending the council meeting."). Any defamation claims based on Defendants' communications made during or in preparation for city council meetings, which are privileged under

[3] As described in more detail in Section III.G below, the IIED cause of action as currently pled is stricken pursuant to California's anti-SLAPP statute.

United States District Court
For the Northern District of California

California Civil Code § 47, are dismissed with prejudice for failure to state a claim upon which relief can be granted.

**G. Motion to Strike: Anti-SLAPP**

Defendants also move to strike Plaintiff's state law claims under the California Constitution and for intentional infliction of emotional distress pursuant to California's anti-SLAPP statute. *See* Cal. Code Civ. Proc. § 425.16. "SLAPP" is an acronym for "strategic lawsuit against public participation." Section 425.16(b)(1) of the California Code of Civil Procedure provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Public entities such as Defendant City may move to strike under the anti-SLAPP protections of § 425.16. *Vargas v. City of Salinas*, 46 Cal.4th 1, 18 (2009). In addition, dismissal does not moot an anti-SLAPP motion. *See* Cal. Civ. Proc. Code § 415.16(c)(1) ("prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs"); *Collins v. Allstate Indem. Co.*, 2011 WL 1453831, *2 (9th Cir. 2011) (not published) ("[r]esolution of the underlying action did not moot the anti-SLAPP motion" and reversing and remanding); *White v. Lieberman*, 103 Cal. App. 4th 210, 220-21 (2002).

A defendant may use the anti-SLAPP statute to challenge an entire complaint or a single cause of action, but may not use the anti-SLAPP statute to strike particular allegations within a cause of action. *A.F. Brown Elec. Contractor, Inc. v. Rhino Elec. Supply, Inc.*, 137 Cal. App. 4th 1118, 1124-25 (2006). Here, Plaintiff's free speech and access to information claims under the California Constitution are part of the FAC's first cause of action, which also includes Plaintiff's free speech claims under the First Amendment. Because the anti-SLAPP statute may not be used to strike particular allegations within Plaintiff's first cause of action that refer to Plaintiff's state law claims under the California Constitution, the Court denies Defendants' motion to strike portions of

United States District Court
For the Northern District of California

the first cause of action.[4] The Court turns to Defendants' motion to strike the fourth cause of action for intentional infliction of emotional distress.

In ruling on a motion to strike under § 425.16, the court engages in a two-step process: (1) "the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity"; and (2) if the defendant has made this threshold showing, the court "then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Vargas*, 46 Cal.4th at 16 (quoting *Taus v. Loftus*, 40 Cal.4th 683, 703 (2007)).

1. Protected Activity

Plaintiff's IIED cause of action is based on the censure, the report issued by the city council in its December 9, 2009 meeting, and statements by City Manager Butler to a local newspaper. Defendants have made their threshold showing that the IIED cause of action arises from Defendants' protected activity. The California Supreme Court has held that "statements made and actions taken in local legislative proceedings before the city council" constitute "protected activity" under the first step of the anti-SLAPP analysis. *Vargas*, 46 Cal.4th at 19; *see* Cal. Code Civ. Proc. § 425.16(e)(1). Butler's statements as City Manager to a local newspaper regarding the City's estimate of the costs to taxpayers incurred by the City to respond to Plaintiff's requests also constitute "protected activity" because they were "made in connection with an issue under consideration or review" by the city council. Cal. Code Civ. Proc. § 425.16(e)(2); *see* FAC, Ex. F. His statements were related to the report issued by the city council in its December 9, 2009 meeting.

2. Probability of Prevailing

Defendants having established the required threshold showing under the first step, the court "then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Vargas*, 46 Cal.4th at 16. The plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment

---

[4] As described above, the FAC also refers in passing to other possible state law claims of Brown Act violations and CPRA violations within the first cause of action, and defamation within the third cause of action for equal protection. Defendants do not move to strike these other possible state law claims and the Court reiterates that the anti-SLAPP statute may not be used to strike particular allegations within a cause of action.

if the evidence submitted by the plaintiff is credited." *Id*. at 20. As described above, the FAC is not legally sufficient as to Plaintiff's IIED cause of action and the fourth cause of action was dismissed without prejudice as currently pled for failure to state claims upon which relief could be based. Plaintiff has therefore not met her burden under the second step.

3. Notice to Judicial Council

The anti-SLAPP statute requires Defendants to promptly transmit to the Judicial Council a copy of the caption page of their motion to strike. Cal. Code Civ. Proc. § 425.16(j)(1). Defendants' motion to strike and declarations submitted in support of their motion do not address whether such notice was provided. Within seven (7) days of the filing of this order, Defendants are instructed to promptly file a supplemental brief accompanied by a supporting declaration limited to whether and when such notice was provided to the Judicial Council. The supplemental brief is limited to two (2) pages.

4. Attorneys' Fees and Costs

Provided that Defendants comply with the notice required and supplemental briefing ordered above, the Court will grant Defendants' motion to strike the fourth cause of action for IIED under the anti-SLAPP statute. Defendants are therefore entitled to their attorneys' fees and costs. Cal. Code Civ. Proc. § 425.16(c)(1). Because the Court has partially denied Defendants' anti-SLAPP motion to strike, the fee award will be reduced to reflect Defendants' partial success. *See Mann v. Quality Old Time Service, Inc.*, 139 Cal. App. 4th 328, 340 (2006). Defendants are ordered to submit their request for attorneys' fees and costs, which should be limited to the fourth cause of action for IIED. Defendants must submit documentation identifying the time expended, applicable hourly rates, a description of the work performed, and a brief description of each billing attorney's work experience. Defendants must also identify what percentage of the total time billed was spent working on the IIED cause of action (e.g., five percent of the total attorney time was billed for work relating to the IIED cause of action). Defendants must file their request for attorneys' fees and costs within fourteen (14) days of the filing of this order. Plaintiff may file her response to Defendants' fees request within seven (7) days of the service of Defendants' request. No reply will be permitted.

## IV. CONCLUSION

For the reasons described above, the Court **GRANTS** Defendant's motion to dismiss[5] and dismisses this action as follows:

1) The portion of the first cause of action seeking money damages for Plaintiff's free speech claims under the California Constitution is dismissed with prejudice. The portion of the first cause of action based on alleged First Amendment violations, access to information under the California Constitution, Brown Act violations, and California Public Records Act violations are dismissed without prejudice for failure to state a claim upon which relief can be granted.

2) The second cause of action for due process is dismissed without prejudice for failure to state a claim upon which relief can be granted.

3) The third cause of action for equal protection is dismissed without prejudice for failure to state a claim upon which relief can be granted.

4) The fourth cause of action for intentional infliction of emotional distress is dismissed without prejudice for failure to state a claim upon which relief can be granted.

5) Any defamation claims based on Defendants' communications made during or in preparation for city council meetings, which are privileged under California Civil Code § 47, are dismissed with prejudice for failure to state a claim upon which relief can be granted.

Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint, remedying the defects in the FAC as explained above and subject to the limitations noted above. Such an amended complaint should be clearly labeled "Second Amended Complaint" and must have the docket number of this case on the title page.[6] Should Plaintiff choose to amend the FAC to correct its defects, Plaintiff is instructed to ensure that all defendants named within the complaint are identified on the caption page and are properly served with the amended complaint. Plaintiff's failure to timely file a Second Amended Complaint in compliance with this order may

---

[5] This order terminates docket numbers 12, 13, 14, 22, and 23.

[6] The Second Amended Complaint that was impermissibly filed by Plaintiff on February 7, 2011 without leave of Court is stricken. Doc. No. 27.

result in the dismissal of this entire action. Plaintiff may not file a Third Amended Complaint, or any other amended pleading, without leave of Court.

The Court **DENIES** Defendants' anti-SLAPP motion to strike portions of the first cause of action regarding Plaintiff's claims under the California Constitution, but **GRANTS** Defendants' anti-SLAPP motion to strike the fourth cause of action for intentional infliction of emotional distress. Within seven (7) days of the filing of this order, Defendants are instructed to file a supplemental brief accompanied by a supporting declaration limited to whether and when notice of their motion to strike was provided to the Judicial Council. Defendants must file their request for attorneys' fees and costs within fourteen (14) days of the filing of this order. Plaintiff may file her response to Defendants' request for attorneys' fees and costs within seven (7) days of the service of Defendants' request. No reply will be permitted.

**IT IS SO ORDERED.**

Dated: May 26, 2011

NANDOR J. VADAS
United States Magistrate Judge